NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0562n.06

No. 21-3376

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 03, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| BOBBIE LEE NEW, | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| KENNETH BLACK, Warden, | ) | OHIO |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: COLE, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. In 2015, an Ohio jury found Bobbie Lee New guilty of a 1976 murder. New thereafter petitioned for federal habeas relief, arguing that the State's delay in indicting him amounted to a violation of his due-process rights. The district court denied relief. We affirm.

In 1976, Dorothy Spencer was shot to death in her home. New was living in Spencer's home at the time and became a leading suspect. Although police never found the murder weapon, they did find a box for a revolver in Spencer's home. The box contained two bullets that matched a spent shell casing recovered from Spencer's sofa. The police also learned that New had borrowed the revolver—which had been in the box—from a friend. Finally, New told Spencer's son, Alfred Lilly, that New might—at some point in the future—tell Lilly how his mother had died. Prosecutors presented all this evidence to a grand jury later in 1976. The grand jury also heard

testimony from New's sister, Zula Stader, and her husband Ezra, who each testified that they had not seen New the night of the murder. The grand jury chose not to indict New.

Thirty-four years later—in 2010—the Straders' son, Perry, contacted the police about Spencer's murder. Perry Strader said his parents had lied to the grand jury. Specifically, Perry said, New had come to his parents' home the night of the murder and had confessed to killing Spencer. Perry Strader also said that he had waited until both his parents had died—which, by 2010, they had—before coming to the police with this information. Perry added that he would not have shared this information with the police—even if they had asked him—before his parents had died.

A grand jury indicted New in 2011, but the trial court dismissed the indictment because of the State's long delay in seeking it. The Ohio Court of Appeals reversed, holding that Perry Strader's testimony had not been available to investigators before 2010. On remand, a jury found New guilty of Spencer's murder. The Ohio Court of Appeals affirmed; the Ohio Supreme Court declined jurisdiction. New then brought this petition for habeas relief. We review de novo the district court's denial of New's petition. *Haliym v. Mitchell*, 492 F.3d 680, 689 (6th Cir. 2007).

In this appeal, New again argues that the 35-year interval between Spencer's murder and his indictment violated his due-process rights. To obtain relief, New must show that the Ohio Court of Appeals' rejection of that claim was "contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

The precedents at issue here are *United States v. Marion*, 404 U.S. 307 (1971), and *United States v. Lovasco*, 431 U.S. 783, 789 (1977), the latter of which New reads to require "the court to balance" any prejudice resulting from pre-indictment delay "against the reasons for delay and reach a conclusion premised on fundamental fairness." Br. at 15. But neither *Marion* nor *Lovasco*

established any requirement of express "balancing," *see Marion*, 404 U.S. at 324–25; *Lovasco*, 431 U.S. at 790: instead, the Court in *Lovasco* merely said that "the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused," 431 U.S. at 790. That is exactly what the Ohio Court of Appeals did here: the court acknowledged that New had been prejudiced by the pre-indictment delay, but held that Perry Strader's testimony had not been available to prosecutors before 2010. Nothing in *Marion* or *Lovasco* required the Ohio court also expressly to balance the prejudice against the reasons for the delay. Instead, *Lovasco* otherwise left "to the lower courts, in the first instance, the task of applying the settled principles of due process" to the facts "of individual cases." *Id.* at 797. A fairminded jurist could therefore conclude that the Ohio Court of Appeals reasonably applied *Marion* and *Lovasco* in its decision here. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The district court's judgment is affirmed.